86 F.3d 1152
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Shawn Jerome ALLEN, a/k/a Rashon Allen, a/k/a Allen Rashon,
Defendant-Appellant.
 No. 95-5627.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 16, 1996.
Decided May 23, 1996.
 
 Melvin LeRoye Hill, Roanoke, Virginia, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 The Appellant, Shawn Allen, appeals the district court's order denying his motion to suppress evidence obtained during a drug raid on a house occupied by Allen. Allen argues that the recovered evidence should have been excluded because the underlying search violated the Fourth Amendment reasonableness standard.[1] According to Allen, all the evidence obtained in the search should have been suppressed because the police failed to announce the purpose of their visit and wait for refusal of admittance before they entered the house.
 
 
 2
 We disagree. It is well established that non-compliance with "knock and announce" requirements may be excused where exigent circumstances render strict compliance imprudent.[2] Here, the Government provided evidence that the officers needed to act quickly to protect themselves from possible harm. The officers had a report from a confidential informant that firearms were recently observed inside the home, although not during the latest visit. A check of Allen's criminal history revealed convictions for several robberies, criminal possession of a weapon, assault, resisting arrest, rape, and several drug offenses. Given Allen's extensive violent criminal history the officers could reasonably infer that Allen might attempt to use the observed firearms against the officers if given the opportunity. Under the circumstances of this case,[3] particularly Allen's extensive record for violence, the district court did not clearly err in finding it reasonable for the police to believe that they would be in danger unless they executed a "no-knock" search warrant.[4]
 
 
 3
 Accordingly, we hold that the district court did not err in denying the Appellant's motion to suppress. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 18 U.S.C. § 3109 (1988) (codification of "knock and announce" rule)
 
 
 [2]
 United States v. Kennedy, 32 F.3d 876, 882 (4th Cir.1994), cert. denied, 63 U.S.L.W. 3563 (U.S. Jan. 23, 1995) (No. 94-6500)
 
 
 [3]
 Id
 
 
 [4]
 United States v. Bernard, 757 F.2d 1439, 1443 (4th Cir.1985)